UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NHELTA KAYREN

DONNA WHITAKER

    Plaintiffs,

V.　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO

FAIR COLLECTIONS & OUTSOURCING

    Defendant.　　　　　　　　　　　　　　OCTOBER 29, 2009

## COMPLAINT

1. Plaintiff Nhelta Kayren, ("Kayren") and Plaintiff Donna Whitaker, ("Whitaker") seek relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiffs are natural people who reside in Fort Washington, MD.

4. Defendant is a licensed collection agency and has a place of business at 12304 Baltimore Ave, Suite #E, Beltsville, MD 20705.

5. Plaintiffs are consumers within the FDCPA.

6. Defendant is a debt collector within the FDCPA.

7. Defendant is a collector within the MCDCA.

8. Defendant communicated with Plaintiffs or others on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiffs' disputed personal debt.

9. The Plaintiffs individually contacted the Defendant via telephone in an attempt to dispute a debt alleged by Defendant to be owed by each Plaintiff.

10. The Defendant advised Plaintiff Nhelta Kayren that she could not dispute the alleged debt and this statement is false, misleading and deceptive in violation of §1692e and §1692g.

11. The Defendant failed to advise Plaintiff Nhelta Kayren of the required notice pursuant to §1692e (11) in violation of the FDCPA.

12. The Defendant advised Plaintiff Nhelta Kayren that she did not have the proper criteria in order to dispute a debt under the FDCPA. The Defendant frustrated the Plaintiff Kayren's dispute rights as the FDCPA, <u>has no criteria</u>, as to valid or invalid disputes. Defendant's statement to the Plaintiff was false, deceptive and misleading in violation of §1692e of the FDCPA.

13. Defendant sent or caused to be sent an initial collection letter dated August 13, 2009 which advised Kayren of the Validation of Debts Clause.

14. Defendant sent or caused to be sent a second collection letter dated August 28, 2009 and a third collection letter dated September 11, 2009 to the Plaintiff Kayren, which overshadowed the validation of debts clause.

15. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692c, e, f and g.

SECOND COUNT:

16. The allegations of the First Count are repeated and realleged as if fully set forth herein.

17. The Defendant advised Plaintiff Donna Whitaker that she could not dispute the alleged debt and this statement was false, misleading and deceptive in violation of §1692e and §1692g.

18. The Defendant advised Plaintiff Donna Whitaker that she was required to provide documentation in order to dispute the debt, this statement is false, misleading and deceptive in violation of §1692e and §1692g.

19. The Defendant advised Plaintiff Donna Whitaker that the criteria under the FDCPA in order to dispute a dent is "Verification or a document to verify the claimed dispute", which statement is false, misleading and deceptive in violation of §1692e and §1692g.

20. The Defendant hung up on Plaintiff Whitaker and when asked why he hung up stated "I don't have the luxury to have a general conversation with you."

21. Defendant stated that the Plaintiff Donna Whitaker did not have justification to dispute a debt.

22. The Defendant stated to the Plaintiff Donna Whitaker that he is there to help explain the dispute process to her and further stated "That it is not up to him to decide her rights under the FDCPA."

23. The Defendant then stated he would note Plaintiff Donna Whitaker's dispute and also mark the dispute as invalid, in violation of the §1692e.

THIRD COUNT

24. The allegations of the First Count are repeated and realleged as if fully set forth herein.

25. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiffs in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

26. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

WHEREFORE each Plaintiff respectfully requests this Court to:

1. Award each Plaintiff statutory damages pursuant to the FDCPA on Count I.

2. Award each Plaintiff statutory damages pursuant to the FDCPA on Count II.

3. Award each Plaintiff statutory damages pursuant to the MCDCA on Count III.

4. Award such other and further relief as this Court may see fit.

THE PLAINTIFFS

BY *[signature]*
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com